accounts on deposit with savings and loan associations, § 369.174.1, as amended,[10] provide two options under such circumstances. First, upon written instructions of all joint tenants, the joint tenants may require the signature of more than one of such persons during their lifetimes or of more than one of the survivors after the death of any one of them on any notice of withdrawal. Second, the financial institution may refuse without liability to honor any order to pay upon notice signed in writing by any one of the joint tenants, pending determination of the rights of the parties. These provisions, however, are not mandatory.

For the foregoing reasons, we affirm the judgment of the trial court.

All concur.

**WESTINGHOUSE CREDIT CORPORATION,**
Respondent,

v.

**SHARP BROS. CONTRACTING CO., Don E. Sharp, Individually, and Sharp Enterprises, Inc., d/b/a Seers, Appellants.**

No. WD 37526.

Missouri Court of Appeals,
Western District.

Oct. 14, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 25, 1986.

Application to Transfer Denied
Jan. 13, 1987.

Thomas J. Leittem, James W. McManus, Shughart, Thomson & Kilroy, Kansas City, for appellants.

Warren E. Slagle, Ben R. Swank, Jr., Slagle & Bernard, Kansas City, for respondent.

Before TURNAGE, P.J., and SHANGLER and KENNEDY, JJ.

---

**10.** § 369.174.1, in effect at all times relevant to this action, contained language similar to that found in § 362.470.1 except that it was tailored to apply to savings and loan associations rather than to banks and trust companies.

§ 369.174.1 has been amended pursuant to A.L. 1983 S.B. 44 & 45 and H.B. 570. The new language as it appears in R.S.Mo. (Supp.1984) provides, in pertinent part:

A person may be added or removed as an owner of an account upon the written direction of any owner of the account upon whose signature withdrawals may be made from the account. By written instructions of all joint tenants given to the association, they may require the signatures of more than one of such persons during their lifetimes or of more than one of the survivors after the death of any one of them on any notice of withdrawal, request for withdrawal, check endorsement or receipt, or remove any such requirement, in which case the association shall pay withdrawals and earnings only in accordance with such instructions, but no such instructions shall limit the right of the sole survivor or of all of the survivors to receive withdrawal payments and earnings. Payment of all or any of the moneys in the account or payment of earnings thereon as provided in this section is a valid and sufficient release and discharge of the association with respect to the moneys so paid prior to receipt by the association of a written notice from any one of the account owners directing the association not to permit withdrawals or make payments in accordance with the terms of the account or the written instructions. After receipt of such notice an association may refuse without liability to honor any check, receipt or withdrawal order or pay any earnings on the account pending determination of the rights of the parties, *but is not required to do so.* (Emphasis supplied.)

## ORDER

PER CURIAM:

Appeal from judgment on a note and for replevin.

Judgment affirmed. Rule 84.16(b).

**STATE of Missouri, Respondent,**

v.

**Dennis J. HOLLIDAY, Appellant.**

**No. WD 37743.**

Missouri Court of Appeals,
Western District.

Oct. 14, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 25, 1986.

Application to Transfer Denied
Jan. 13, 1987.

Sean O'Brien, Public Defender, Todd Wilhelmus, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before BERREY, P.J., and
PRITCHARD and DIXON, JJ.

## ORDER

PER CURIAM.

Appeal from conviction of robbery in the second degree, § 569.030, RSMo 1978, and sentence of ten years imprisonment.

Judgment affirmed. Rule 30.25(b).

**In the Interest of A.D.L. and the
Juvenile Officer, Respondents,**

v.

**S.L. and D.L., Appellants.**

**No. WD 37745.**

Missouri Court of Appeals,
Western District.

Oct. 14, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 25, 1986.

Application to Transfer Denied
Jan. 13, 1987.

John M. Kilroy, Jr., William E. Quirk, G. Adolph Schmidt, II, Kansas City, for appellant, D.L.

Joseph R. Hachey, Timothy E. Jaques, Kansas City, for appellant, S.L.

Lynn Singleton, Debra J. Wilson, Kansas City, for respondents.

Before TURNAGE, P.J., and
SHANGLER and KENNEDY, JJ.

## ORDER

PER CURIAM:

Appeal from an order of the Circuit Court of Jackson County, Juvenile Division, terminating parental rights pursuant to § 211.447, RSMo Supp.1984.

Affirmed. Rule 30.25(b).